a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEYAKANTHAN MATHIYUKAN, Petitioner | CIVIL DOCKET NO. 1:20-CV-798-P |
| VERSUS | JUDGE DRELL |
| WILLIAM BARR, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Jeyakanthan Mathiyukan ("Mathiyukan") (A# 201724387). Mathiyukan is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Mathiyukan is being detained at the LaSalle Correctional Center in Olla, Louisiana. Mathiyukan seeks a release from custody.

Because Mathiyukan fails to meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future or that his detention is otherwise unlawful, his Petition (ECF Nos. 1, 5) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

Mathiyukan is a native and citizen of Sri Lanka. ECF No. 1. He sought asylum in the United States, but his request was denied. ECF No. 1 at 5. Mathiyukan alleges that he was ordered removed on October 22, 2019, and his motion to reopen was

denied on November 18, 2019. ECF No. 1 at 5. ICE submitted a request for travel documents, and the documents were issued in March 2020. ECF No. 1-2 at 2.

Mathiyukan alleges that he is afraid to return to Sri Lanka. ECF No. 5.

Mathiyukan requests that he not be transferred out of this Court's jurisdiction while his § 2241 Petition is pending.

II. <u>Law and Analysis</u>

To the extent Mathiyukan challenges the denial of asylum or order of removal based on his fear of returning to Sri Lanka, this Court lacks jurisdiction to consider the claim.

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). Section 1252(e)(1) further limits review of an expedited removal order, providing that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." *Id.* No subsequent paragraph of Section 1252(e)(1) authorizes the Court to grant relief.

To the extent Mathiyukan claims that his continued detention is in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), Mathiyukan fails to meet his burden of proof. Under *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. *Id.* After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). In *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. *Id.*

Mathiyukan has offered no facts or evidence showing that his removal is unlikely to occur in the reasonably foreseeable future. To the contrary, Mathiyukan's allegations and exhibits indicate that travel documents have been issued. ECF No. 1; 1-2 at 2. *See, e.g., Patel v. Sessions*, 2:18-CV-1325, 2019 WL 1119997, at *2 (W.D. La. Feb. 15, 2019), *report and recommendation adopted*, 2:18-CV-1325, 2019 WL 1120036 (W.D. La. Mar. 11, 2019) (the fact that travel documents were issued "prevents the court from crediting [Petitioner's] conclusory allegation that that his removal is not likely to occur in the foreseeable future").

Additionally, Mathiyukan does not allege that he has been denied any procedural safeguards available to inadmissible aliens that were ordered removed. Mathiyukan's exhibits to his Petition indicate that he has received the requisite custody reviews. ECF No. 1-2 at 1-5. Although Mathiyukan claims he is entitled to a bond hearing under § 1226(a), that section addresses detention prior to the issuance of an order of removal. Therefore, it is inapplicable. *See Hernandez-Esquivel v. Castro*, 5-17-CV-0564, 2018 WL 3097029, at *3 (W.D. Tex. June 22, 2018).

Finally, Mathiyukan is not entitled to an injunction preventing ICE from transferring him while his § 2241 Petition is pending. Mathiyukan's physical presence in this district is not required for the adjudication of his Petition. Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). Therefore, the transfer of Mathiyukan out of the Western District of Louisiana would not destroy the Court's jurisdiction over Mathiyukan's habeas claim.

Additionally, § 2241 petitions regarding *Zadvydas* claims and the legality of detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings. And because Mathiyukan is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Moreover, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected

interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### III. Conclusion

Because Mathiyukan fails to meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future or that his detention is otherwise unlawful, IT IS RECOMMENDED that Mathiyukan's § 2241 Petition (ECF Nos. 1, 5) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should his confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of August 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE